respect to which latter she testified with great particularity." In Clark v. Bank, 11 Daly, 239, the action was to recover an alleged bank balance, being the aggregate of 23 checks paid by the bank, but not produced as vouchers. The plaintiff was his sole witness. He testified, not that he did not draw the checks, but that he did not draw them for the amounts stated. The bank gave satisfactory evidence as to seven of the checks that the plaintiff did in fact draw them, and the jury disallowed these seven checks, but gave the plaintiff a verdict for the others. The verdict was set aside, the court holding that, as the jury had found the plaintiff unworthy of credit as to the seven checks, they were bound in consequence to reject his unsupported oath as to every other matter in controversy. In Conklin v. City of Dubuque, 54 Iowa, 571, 6 N. W. 894, a verdict was set aside below where the only evidence given was the testimony of the plaintiff, which was in some respects contradictory and inconsistent. It was held that this was within the discretion of the court, although (because the defendant introduced no testimony) there was no conflict of evidence. A verdict may be said to be "contrary to the evidence," as that expression is used in section 999 of the Code of Civil Procedure, when it is so clearly against its weight as to make it apparent that the jury were misled, or were influenced by partiality, passion, or undue bias. So, too, a verdict is contrary to the evidence when it is founded solely upon the testimony of an interested plaintiff, who is discredited to such an extent as to make it apparent, either that the jury misapprehended the scope and effect of the discrediting circumstances, or that, apprehending, they disregarded them capriciously or from bias. The present case is an extreme illustration of a verdict of the latter kind. It probably resulted from misapprehension of the force and effect of the group of circumstances to which we have adverted. Some of these circumstances were obscured by artifice, and others were necessarily developed upon the trial with less incisiveness than when a single controlling and striking fact is presented. But the circumstances were there, and they were either disregarded or not clearly taken in.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(39 App. Div. 573.)

HOLOMANY v. NATIONAL SLAVONIC SOC. OF UNITED STATES OF AMERICA.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

1. BENEFICIAL ASSOCIATIONS—JURISDICTION OF COURTS.
     Where the by-laws of a society do not provide for an appeal, as a matter of right, from the decision of the tribunal intrusted in the first instance with the trial of members for offenses against the society, but only for an appeal dependent on the favor of another, a party aggrieved may resort to the courts, without exhausting the appellate remedies found in the by-laws.

2. SAME—EXPULSION OF LOCAL ASSEMBLIES.
     Where the by-laws of a society provide that an accused member shall be tried before a jury chosen from the members of the local assembly,

but give no power either to the grand jury or supreme assembly to direct a local assembly to expel one of its members, the grand jury or supreme assembly cannot expel a local assembly for refusing to expel one of its members.

Appeal from special term, New York county.

Action by Karol Holomany, as president of the Verni Slovaci Lodge 110 of the National Slavonic Society of the United States of America, against said society to annul an expulsion. From judgment for plaintiff, defendant appeals. Affirmed.

The following is the opinion of the court below (SCOTT, J.):

This action coming on to be tried before this court without a jury on the 13th day of June, 1898, after having heard the proofs and allegations of the parties, and duly considered the same, I do decide that the plaintiff is entitled to a judgment and decree annuling and canceling, and declaring null and void, the act of the defendant in undertaking to expel the Verni Slovaci Lodge No. 110 of the National Slavonic Society of the United States of America from it; and that said Verni Slovaci Lodge No. 110 of the National Slavonic Society of the United States of America, and each and every member thereof, be reinstated as a subordinate lodge, and as members of said society defendant; and that the alleged expulsion of said Verni Slovaci Lodge No. 110 of the National Slavonic Society of the United States of America was wrongful, unlawful, and unauthorized; and that the plaintiff recover from the defendant the costs of this action. The following are the grounds upon which the issues herein have been decided: The defendant (which is a corporation organized under the laws of the state of Pennsylvania) was formed "for the purpose of helping the people of the Slavonian race now and hereafter residing in this country, commonwealth, and elsewhere in the United States, in distress, sickness, and death; to educate and instruct them in the English language and other studies, to fit them for the duties of life and citizenship with an English-speaking people; the purpose to be carried out by the organization and establishment of a supreme assembly and subordinate assemblies of the Slavonian people, with schools and lectures; to adopt a constitution and by-laws for the government of the said society, assemblies, schools, and lectures. * * *" The general scheme of organization of this society involves a number of local constituent assemblies, of one of which the plaintiff is president. The supreme legislative body of the National Slavonic Society is its convention, which consists of delegates from the various local assemblies and the chief officers of the society. The chief officers of the society are elected by the convention, and constitute what is known as the "supreme assembly." The convention also selects seven members of the society, to be known as the "Grand Jury," in whom are vested certain disciplinary powers. The society is governed by two sets of by-laws, adopted by the convention. One of these sets of by-laws is a general code, applying to and regulating the local constituent assemblies; the other set of by-laws applies to and regulates the power and procedure of the supreme assembly and the grand jury. Both of these sets of by-laws contain provisions for applying discipline to members of the society. In the case of local assemblies, the accused member is tried before a jury, chosen from the members of the assembly, who have power to punish for various specified offenses,—among others, for "making offensive, insulting, and malicious allusions about the assemblies, the N. S. S., or the supreme officers outside of the meeting." The other set of by-laws provides that the grand jury shall pass "upon complaints against supreme officers, upon complaint of this supreme assembly against individual assemblies, and upon complaints against individual members." In August, 1895, the supreme assembly preferred a charge before the grand jury against one Carol Pallo, a member of the local assembly of which the plaintiff is president, charging said Pallo of speaking sneeringly and insultingly of all the resolutions of the V. convention, and declaring null and void, the organ of the N. S. S., and the by-laws thereof. On September 27, 1895, the grand jury notified Pallo that he had been found guilty on September 7, 1895, and condemned to retract the words which had constituted the basis

of the charge against him; and that, in default of so retracting, he would be expelled. The fact of the judgment was also communicated by the president of the grand jury to the plaintiff assembly, under date of October 8, 1895, in which communication the expulsion of Pallo was imposed upon the plaintiff assembly. On December 20, 1895, the secretary of the supreme assembly notified the plaintiff assembly that Pallo had been expelled from the national society, and called upon the plaintiff assembly to expunge his name from the rolls. The plaintiff assembly refused to formally expel Pallo, or to expunge his name from their rolls, whereupon the supreme assembly suspended the plaintiff assembly and its individual members, and deprived them of all the privileges of the society. The supreme assembly also preferred a charge against the plaintiff assembly before the grand jury, basing the charge solely upon the refusal to expel Pallo. The grand jury, on April 16, 1896, finally expelled the plaintiff assembly and its members from the National Slavonic Society. The by-laws contain no provision giving either to the grand jury or to the supreme assembly power to direct a local assembly to expel one of its own members. A tribunal is created in each local assembly, before whom members can be tried, and some care seems to be taken to provide for a fair and impartial jury. Any charge against a member must be tried before that jury, and, except by a verdict of the jury, no member can be expelled. To permit the grand jury or the supreme assembly to dictate the expulsion would be to deprive the local jury of all judicial discretion. If the grand jury had power to expel Pallo from this national society (which is not clear), then no action on the part of the local assembly was necessary. If the grand jury had no power to expel Pallo, and that could only be done by the local assembly, then the proper method to have been followed would have been to prefer charges against him before the local jury. The attempt of the supreme assembly and the grand jury to dictate to and coerce the plaintiff assembly was clearly illegal, and beyond any power given by the by-laws, and was therefore void and of no effect. I therefore direct a judgment to be entered in favor of the plaintiff, against the defendant, annuling, canceling, and declaring null and void, the act of the defendant in undertaking to expel the Verni Slovaci Lodge No. 110 of the National Slavonic Society of the United States of America from it, and that the said Verni Slovaci Lodge No. 110 of the National Slavonic Society of the United States of America, and each and every member thereof, be reinstated as a subordinate lodge and a member of the said defendant society, and that the alleged expulsion of said Verni Slovaci Lodge No. 110 of the National Slavonic Society of the United States of America was wrongful, unlawful, and unauthorized, and for the costs of this action. Dated June 21, 1898.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

George F. Roesch, for appellant.
Edward A. Alexander, for respondent.

RUMSEY, J. The reasons given in his decision by the learned justice before whom this case was tried are amply sufficient to show the propriety of the judgment which he directed to be entered. We would not, therefore, deem it necessary to add anything to that decision, were it not for the point made before us, which does not seem to have been adverted to by him, that the plaintiff had a remedy by appeal from the action of the grand jury of the society in expelling it, and that it should have been compelled to exhaust that remedy in the society before resorting to the court for relief. The claim of the defendant is that, by the constitution and by-laws of the society, an appeal lay from the action of the grand jury to the next convention of the society, and that whoever was dissatisfied with the verdict of the jury might have

its action in rendering the verdict revised by the convention, which had authority to confirm it or set it aside. It is undoubtedly the rule in such cases that, where the by-laws of the society afford a remedy by appeal from the tribunal to which is intrusted, in the first instance, the trial of members for offenses against the society, that remedy must be exhausted before the party claiming to be aggrieved will be heard upon an application to the courts to annul the action of the constituted tribunal of the society. Poultney v. Bachman, 31 Hun, 51; Lafond v. Deems, 81 N. Y. 507. But that rule will only be applied where the appeal given is such that, as a matter of right, the aggrieved party may review the decision of the subordinate tribunal. It is not sufficient to create a tribunal which has the power to annul or affirm the decision against him, but it is necessary, as well, that he should have the absolute right to appeal to that tribunal, and that such right should not depend upon the discretion or favor of any person for its exercise. Unless the procedure before the tribunal is such that the appellant, of his own motion, may come into that tribunal, and bring the respondent there, and have a hearing, he does not have such a right of appeal as will oust the courts of jurisdiction. In this case, we do not see 'that such a right of appeal is given. There is a provision for a trial before the grand jury, to which the power is given to make certain judgments after a trial before it. The only provision for an appeal is found in sections 33 and 34 of the by-laws of the supreme assembly. They provide that the verdict of the grand jury shall be unrepealable until the next coming convention. Whoever is dissatisfied with the verdict of the grand jury may call the latter to account through any delegate present at the convention. The convention shall have the right either to affirm or annul the verdict of the grand jury. No other provisions are made for an appeal. The convention consists of a delegate from each one of the local assemblies and the chief officers of the supreme assembly. There is no provision anywhere in the by-laws that the appeal of any local assembly must be taken up by the convention, nor is it made the duty of any particular delegate to present such an appeal. If the local assembly had a delegate in the convention, it would undoubtedly be in a situation to present its case and have its appeal heard; but, in the absence of such a delegate, no means are provided for an appeal, and whether it could obtain one or not would depend solely upon the favor of some person who happened to be a delegate. In this particular case, as the result of the punishment of expulsion, the plaintiff would have no delegate in the convention, and whether or not it could appeal depends upon whether some delegate of some other assembly should see fit to present its case and take charge of its interests upon the appeal. This clearly does not constitute such an appeal as would take away the right of the aggrieved party to resort to the courts for its protection. The other objections taken to the judgment are sufficiently answered in the decision of the learned justice at the special term.

The judgment must be affirmed, with costs. All concur.